UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARGARITA PEGUERO,

                    **MEMORANDUM AND ORDER**
       Plaintiff,                    16-CV-1123 (RRM)(RML)

     - against -

METROPOLITAN HOSPITAL,

       Defendant.
-----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Margarita Peguero, proceeding *pro se*, brings this action against her former employer. Her request to proceed *in forma pauperis* is granted for the purpose of this Order. The Court directs plaintiff to replead within 30 days of the date of entry of this Order.

## BACKGROUND

      On March 4, 2016, plaintiff commenced this action by filing a partially completed form complaint for employment discrimination actions. Although she attaches a November 25, 2015 "Right to Sue" letter from the Equal Employment Opportunity Commission ("EEOC") indicating that her complaint before that agency related to age discrimination, Peguero did not check any of the spaces provided on her form complaint here to indicate the anti-discrimination statute under which she intended to bring her suit, nor did she indicate the basis for discrimination or specify her age. (Compl. at 1, 3.) On the third page of the form, plaintiff uses a check mark to indicate discriminatory conduct consisting of "termination of my employment," "unequal terms and conditions of my employment," "retaliation," and "other" and directs the court to "see attached details." (Compl. at 3.)

      The attached details describe the following: Plaintiff "was hired for the care manager position for impatient discharge planning but assigned to work in a different department and not

1

provided with a job function description." (Compl. at 4.) "I was assigned to work as a collaborative care nurse in outpatient clinic because they needed a Spanish speaking nurse to help to increase the number of enrollees in that program." (Compl., Addendum, at 1.) "Since the beginning of my employment I was treated differently by the director of the clinic. . . ." (*Id.*) Plaintiff alleges that she was not provided with proper training, support, or equipment. (*Id.*) "After 3 months of employment they hired a new staff for the same position and another nurse was assigned from in-house staff. These two nurses were younger than me and [had] less experience and or education." (*Id.*) "On September 15, 2015, one of the [collaborative] care nurse[s,] Ms. Morales[,] told me that I should not see the younger patients; she felt that younger patients needed to be assigned to her because I would not be able to relate to them and understand them. Ms. Morales also stated that no[t] only did I need to stick with the older demographic but that I also need to see the Spanish speaking clients solely." (Compl., Add., at 2.)

Plaintiff also alleges that she found harassing signs on her door and desk. (*Id.*) The nature of the harassment is not specified.

Plaintiff states that she met with her supervisor in October 2014. (*Id.*) "I did a verbal complaint about what was happening." (*Id.*) She stated that she asked to be transferred to the position for which she had been hired, but that the request was denied. (Compl., Add., 3.) "I was told I was excluded from the computer training because I was not going to be able to learn and adopt to [] new methods and technology." (*Id.*) "I was excluded from the computer system. I could not do my job because I had no access to the new system, which was entirely renovated." (*Id.*) "I was terminated on 4/21/2015 with the allegation of poor performance." (Compl., Add., at 4.) Plaintiff attaches the letter she received from the EEOC dismissing her allegation of

discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("the ADEA").

## DISCUSSION

In reviewing the complaint, the Court is cognizant that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At the pleadings stage of the proceeding, a court must assume the truth of "all nonconclusory factual allegations" contained in the complaint. *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not include "detailed factual allegations," it must do more than put forth "labels and conclusions." *Id.*, at 555. A claim will be considered "plausible on its face . . . when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination, a plaintiff must show that: (1) she was within the protected age group (more than 40 years old); (2) she was qualified for the position; (3) she experienced an adverse employment action; and (4) such action occurred under circumstances giving rise to an inference of discrimination. *Gorzynski v. Jet Blue Airways Corp.,* 596 F.3d 93, 107 (2d Cir. 2010).

Here, Peguero has failed to allege that she falls within the requisite protected age group – individuals over the age of forty. She alleges only that two "younger" nurses were hired, that she was told she should not see younger patients because she would "not be able to relate to them," and that she was excluded from computer training because she "was not going to be able to learn and adopt to [] new methods and technology." (Compl. at 7–8.) These allegations are insufficient to support an inference of age discrimination. *See Nance v. City of New York*, No. 09-CV-2786, 2011 WL 2837491, at *4 (E.D.N.Y. July 14, 2011) ("[A]n allegation that plaintiff was replaced by a younger employee is not sufficient, without more, to survive a motion to dismiss."); *Foster v. Humane Soc'y of Rochester & Monroe Cnty., Inc.*, 724 F. Supp. 2d 382, 391 (W.D.N.Y. 2010) (finding that an allegation that the plaintiff was replaced by a woman in her early thirties, "is not enough to give rise to an age discrimination claim"); *Fagan v. New York State Elec. & Gas Corp*, 186 F.3d 127, 134 (2d Cir. 1999) ("The replacement of an older worker with a younger worker or workers does not itself prove unlawful discrimination."). Moreover, although she claims that she was harassed, the nature of that harassment and its connection to any protected status is not specified in the complaint, nor is it clear whether Peguero seeks to bring any other discrimination claims.

In light of these concerns, plaintiff is hereby ordered to replead her claims within 30 days of the date of this order by completing fully a new form complaint, including all information related to any claims that plaintiff seeks to bring. With respect to any claim of age discrimination, plaintiff is specifically directed to include the information related to her age as indicated in Question 7 on the third page. Plaintiff is advised that an amended complaint will completely replace the original pleading and is reminded to include all facts that would support a claim that she was discriminated against or harassed on the basis of her age, or on any other

basis. The new complaint should be captioned as an "Amended Complaint," and bear the same docket number as this Memorandum and Order. Failure to plead sufficient facts in the amended complaint to give rise to a claim will result in dismissal of this action. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days.

The Clerk of Court is directed to send to plaintiff a copy of this Memorandum and Order, together with a form complaint for employment discrimination actions, and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: April 13, 2016
      Brooklyn, New York