UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARGARITA PEGUERO,

                Plaintiff,

- against -

METROPOLITAN HOSPITAL,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-1123 (RRM) (RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Margarita Peguero, proceeding *pro se*, brought this action against her former employer, Metropolitan Hospital, alleging employment discrimination. By Order dated April 13, 2016, the Court granted Peguero's request to proceed *in forma pauperis* and directed her to submit an amended complaint within 30 days of the date of entry of the Order. (Order (Doc. No. 4).) Peguero failed to file her amended complaint in the time allotted and on May 27, 2016, the Court entered an Order and Judgment dismissing the action. (Judgment (Doc. No. 5).) However, Peguero submitted her untimely amended complaint to the Clerk's office on May 26, 2016, and the amended complaint was entered on the docket on June 1, 2016, after Judgment had issued. (Am. Compl. (Doc. No. 6).) For the reasons set forth below, the case shall be reopened and Peguero permitted to proceed.

## DISCUSSION

### A. The Original Complaint

Peguero's original complaint attached a November 25, 2015 letter from the Equal Employment Opportunity Commission ("EEOC") indicating that Peguero had filed an age discrimination complaint before the EEOC. (Compl. (Doc. No. 1) at 11.)[1] However, the original

---

[1] For ease of reference, citations to court documents utilize ECF pagination.

complaint before this Court failed to indicate the anti-discrimination statute under which Peguero intended to bring her suit, nor did it specify Peguero's age. The original complaint included the following statements: "After 3 months of employment they hired a new staff for the same position and another nurse was assigned from in-house staff. These two nurses were younger than me and [had] less experience and or education." (Compl. at 6.) "On September 15, 2015, one of the [collaborative] care nurse[s,] Ms. Morales[,] told me that I should not see the younger patients; she felt that younger patients needed to be assigned to her because I would not be able to relate to them and understand them. Ms. Morales also stated that no[t] only did I need to stick with the older demographic but that I also need to see the Spanish speaking clients solely." (Id. at 7.) "I was told I was excluded from the computer training because I was not going to be able to learn and adopt to [] new methods and technology." (Id. at 8.) "I was excluded from the computer system. I could not do my job because I had no access to the new system, which was entirely renovated." (Id.) "I was terminated on 4/21/2015 with the allegation of poor performance." (Id. at 9.)

### B. The Court's April 13 Order and May 27 Judgment

The Court's April 13, 2016 Order set out the requirements for stating a claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. ("the ADEA"):

> To establish a prima facie case of age discrimination, a plaintiff must show that: (1) she was within the protected age group (more than 40 years old); (2) she was qualified for the position; (3) she experienced an adverse employment action; and (4) such action occurred under circumstances giving rise to an inference of discrimination. *Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010).

*Peguero v. Metropolitan Hosp.*, No. 16-CV-1123 (RRM), 2016 WL 1452387, at *2 (E.D.N.Y. Apr. 13, 2016). The Court found that Peguero had failed to allege that she was within the protected age group – individuals over the age of forty – and that the allegation that Peguero was

replaced by "younger" workers, without more, was insufficient to support an inference of age discrimination. *Id.* The Order directed Peguero to submit an amended complaint within thirty (30) days of the date of entry of the Order and advised that an amended complaint completely replaces the original pleading, thus the amended complaint must include all facts that would support a claim that Peguero was discriminated against on the basis of her age or on any other basis. *Id.*

As Peguero failed to file an amended complaint within the time allowed, the Court issued an Order and Judgment dismissing the action on May 27, 2016. However, at the time the Order was entered, an amended complaint had been received in the Clerk's Office the previous day. The submission was dated May 4, 2016, but had a post-mark date of May 23, 2016. (Am. Compl. at 7; Am. Compl. Envelope (Doc. No. 6-1).) Peguero did not include any explanation for the untimeliness of the submission.

### C. The Amended Complaint

The amended complaint again fails to identify the anti-discrimination statute under which Peguero intends to bring her claims. (*See* Am. Compl. at 3.) Notably, however, it does include the date of Peguero's birth – May 10, 1955. (*Id.* at 5.) The description of the alleged discrimination includes unspecified harassment and mistreatment, failure to train, retaliation, and isolation from co-workers. (*Id.* at 5.) It does not include any additional references to Peguero's age or any factual allegations in support of a discrimination claim.

Although the amended complaint standing alone fails to state a claim under the ADEA or any other anti-discrimination statute, in light of Peguero's *pro se* status and the duty to liberally construe her pleadings, the Court will consider the original complaint to be amended with the

addition of Peguero's birthdate – May 10, 1955 – and will construe the original complaint as being brought under the ADEA.

## CONCLUSION

For the foregoing reasons, the judgment issued on May 27, 2016 is vacated, and the amended complaint is deemed filed as of the date of this Order. The Clerk of Court shall issue a summons against the defendant, and the United States Marshals Service is directed to serve the summons, the original complaint, the amended complaint, the April 13, 2016 Order, and this Order on the defendant without prepayment of fees in light of the Court's prior Order granting IFP status. The Court refers this matter to Magistrate Judge Robert M. Levy for pretrial supervision.

The Clerk of Court is further directed to send Peguero a copy of this Memorandum and Order at the address listed for her on the docket and note the mailing on the docket.

SO ORDERED.

s/Roslynn R. Mauskopf

ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
June 17, 2016